UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:23-cr-00013-TWP-VTW ) |
| JUAN PEREZ-GONZALEZ | ) -02 |
| DALWY DE ARMAS-RODRIGUEZ | ) -04 ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION IN LIMINE**

This matter is before the Court on Defendant Juan Perez-Gonzalez's ("Perez") Amended Motion *in Limine* (Filing No. 264). Perez and his co-defendant Dalwy De Armas-Rodriguez are scheduled for trial by jury beginning on Monday, July 14, 2025 on Count 1: Conspiracy to Commit an offense against the United States. Perez is also charged with Count 6: Possession of Goods Stolen from Interstate Commerce; and Count 7: Interstate Transportation of Stolen Property (Filing No. 128). Perez seeks a pretrial ruling on the exclusion of certain evidence. For the reasons stated below the Court **grants in part and denies in part** Perez's Motion.

## I. BACKGROUND

Count 1 alleges that Perez conspired with several co-defendants to possess and transport stolen goods from interstate shipments. *Id*. at 1. Count 6 and 7 allege that Perez knowingly possessed stolen goods in the amount of approximately $407,520.00 and unlawfully transported the stolen goods via interstate commerce. *Id*. at 13-14.

## II. LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in limine." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The

Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

### III.   DISCUSSION

Perez moves *in limine* to exclude several categories of evidence (Filing No. 264). The Government has not responded.  The Court will address each request in turn.

#### 1. Evidence of other bad acts pursuant to 404(b)

In his first request, Perez asks the Court to prohibit "[b]ased on 404B and 403, unless otherwise ruled admissible, evidence of any bad act or crime that is not a part of the allegations in the indictment, unless used for impeachment in accordance with the rules of criminal procedure." (Filing No. 264 at 1).  The Government filed a Notice of Intent to Introduce 404(b) Evidence (Filing No. 271) and Perez provided a Response in Opposition (Filing No. 282). The Court's Entry on Rule 404(b) Notices (Filing No. 288)  provides that evidence of Perez's 2014 prior conviction is admissible as both direct and circumstantial evidence and under Rule 404(b), **and** evidence of Perez's 2009 prior conviction is inadmissible. For the reasons stated in Filing No. 288, Perez's motion *in limine*  is **denied** as to evidence surrounding his 2014 conviction and **granted** as to evidence surrounding his 2009 conviction and other prior bad acts prohibited by Rule 404(b).

## 2. Use of certain terms

In his second, third, fourth, and fifth, requests, Perez seeks to prohibit the use of certain specific terms, including "victim," "truthful testimony," "stolen goods," and "hijacked." (Filing No. 264 at 1-2). Perez argues that the terms "victim," hijack" and "stolen goods" are conclusory language which invades the province of the jury; and the term "truthful testimony" endorses and vouches for the testimony of a cooperating witness. *Id*.

The Court disagrees. The superseding indictment charges Perez with possessing and transporting stolen goods via semi-tractor trailers, and it is undisputed that the trucking companies and businesses whose merchandise was stolen are victims. The terms "victim" and "truthful testimony" are not conclusory, and Perez has not explained how these terms would invade the province of the jury, or prejudice him in any way. The terms "hijacked" and "stolen goods" refer to facts and terminology directly relevant to the charges in this case. In addition, the term "hijack" is not inflammatory as it merely means to seize in transit. Considering the charged allegations, the Government should be permitted to refer to "victim", "stolen goods," "truthful testimony," and "hijacked." Accordingly, Perez's motion *in limine* is **denied** as to these terms.

## 3. Perez's affiliations

Perez sixth request is that the Court prohibit evidence of "[a]ny gang affiliation, or references to defendant's associations with others engaged in criminal activity." *Id*. at 2.

For obvious reasons, the Government must be permitted to reference a defendant's associations with others engaged in criminal activity when the defendant is charged with conspiracy—a crime requiring at least one other person to agree to commit an illegal act with the defendant. *See United States v. McBride*, 724 F.3d 754, 756 (7th Cir. 2013) ("[C]onspiracy requires that at least one other person ha[s] agreed with [defendant] to commit an illegal act."). Accordingly,

Perez's request to prohibit references to his associations with others engaged in criminal activity is **denied**. However, the Superseding Indictment contains no allegations that Perez was involved in any formal gang activity. As such, the Court **grants** Perez's request insofar as prohibiting the Government from introducing evidence concerning his involvement in any formal gang activity.

### 4. Perez's immigration status

Seventh and finally, Perez asks the Court to prohibit any reference to his legal or illegal immigrations status, or the status of any of his associates, relatives, or friends as such reference would be irrelevant, immaterial, and highly prejudicial. (Filing No. 264 at 2).

Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Under Federal Rule of Evidence 401, evidence is "relevant" if "it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence is determining the action." Fed. R. Evid. 401. Rule 403 provides, however, that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice." Fed. R. Evid. 403. To determine whether evidence is unfairly prejudicial, the court must use a "sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." *United States v. West*, 53 F.4th 1104, 1108 (7th Cir. 2022).

The Court agrees with Perez that evidence concerning his or any of his associates' legal or illegal immigration status would be irrelevant, immaterial, and prejudicial. Accordingly, his motion *in limine* is **granted**, and the Government is precluded from introducing evidence concerning or referring to Perez or any of his associates' legal or illegal immigration status.

### IV.    CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Perez's Motion *in Limine* (Filing No. 264). However, nothing in this Order precludes the Court's ability to depart

from these preliminary findings based on evidence produced at trial. An order in *limine* is not a final, appealable order. If a party believes that evidence excluded by this Order becomes relevant or otherwise admissible during the trial, counsel may request a hearing outside the presence of the jury. Likewise, if a party believe that specific evidence is inadmissible, counsel may raise specific objections to that evidence during trial.

**SO ORDERED**.

Date:   6/17/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Edward Matthew Barloh
DOJ-USAO
matt.barloh@usdoj.gov

Matthew Rinka
United States Attorney's Office
matthew.rinka@usdoj.gov

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com