UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cr-00013-TWP-VTW |
| | ) | |
| JUAN PEREZ-GONZALEZ | ) | |
| a/k/a JUAN D. PEREZ GONZALEZ, | ) | -02 |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO EXCLUDE**

This matter is before the Court on a Motion to Exclude filed by Defendant Juan Perez-Gonzalez ("Perez") (Filing No. 307). Perez is scheduled to begin a trial by jury on Monday, July 14, 2025 on the following charges: Count 1: Conspiracy to Commit an offense against the United States; Count 6: Possession of Goods Stolen from Interstate Commerce; and Count 7: Interstate Transportation of Stolen Property (Filing No. 128). For the reasons explained below, the Motion is **granted in part and denied in part**.

I.     **LEGAL STANDARD**

Though characterized as a motion to exclude, Perez has essentially filed a motion *in limine* seeking to exclude specific evidence at trial. District courts maintain "broad discretion in ruling on evidentiary questions during trial or before on motions *in limine*." *Jenkins v. Chrysler Motors Corp.,* 316 F.3d 663, 664 (7th Cir. 2002). "Motions *in limine* are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002). The court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *Hawthorne Partners v. AT&T Technologies,*

*Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id*. at 1400-01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means the court is unable to determine, before trial, whether the evidence should be excluded. *Id.* at 1401. During trial, however, the presiding judge "is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).

## II.     DISCUSSION

Count One of the Superseding Indictment charges that:

> From or about December 2021, and continuing through and including May 2023, in the Southern District of Indiana and elsewhere, Carlos Enrique Freire-Pifferrer, Juan Perez-Gonzalez, Jose Antonio Gomez-Pifferrer, Dalway De Armas-Rodriguez, Luis Velazquez, and Richard Alameda, defendants herein, knowingly and intentionally conspired together, together and with other persons known and unknown to the Grand Jury to commit an offense against the united States, that is, the transportation and possession of goods stolen from interstate shipments.

(Filing No. 128). Perez moves to exclude evidence concerning matters prior to his alleged entry into the conspiracy to avoid the risk that he is convicted on actions outside of the conspiracy alleged against him and based on the prejudicial actions of others (Filing No. 307 at 4). Perez asserts that "the government intends to introduce evidence involving persons who will not be on trial and not involving the defendant, during a time prior to his release from prison and prior to the date the government will attempt to establish that Perez joined the conspiracy." *Id*. at 1. He asks the Court to exclude evidence of co-defendants' actions in forming the conspiracy and acts in furtherance of the conspiracy prior to him joining. *Id*. at 1-2.

In support of his Motion, Perez argues that the evidence the Government intends to introduce is highly prejudicial and would not be admitted under the concept of relevant conduct under the United States Sentencing Guidelines. *Id*. at 3. He contends that under the sentencing guidelines, "[a] defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy; even if the defendant knows of that conduct." *Id*. (quoting *United States v. Turner*, 400 F.3d 491, 500 (7th Cir. 2005)). Perez argues that such evidence should be excluded because merely knowing of a conspiracy differs from joining a conspiracy as knowledge alone does not render a defendant liable as a co-conspirator. *Id*. at 4 (citing *United States v. Thomas*, 284 F.3d 746, 753 (7th Cir. 2022)). Perez finally contends that "allow[ing] the jury to hear evidence and perhaps render a verdict based on actions of others prior to the defendant joining the conspiracy is plain error." *Id*. (citing *Thomas*, 284 F.3d at 753).

In Response, the Government argues that "evidence that establishes for the jury the formation, existence, nature, purpose, and members of the conspiracy that the defendant is alleged to have joined and acted in furtherance of" is "relevant, highly probative direct evidence of the elements of the charged conspiracy," and an analysis under the Federal Rules of Evidence "reveals that its probative value is far from substantially outweighed by any speculative risk of prejudice." (Filing No. 317 at 2-3). The Government argues that Perez's citation to *Thomas* is unhelpful because the issue in *Thomas* was the Seventh Circuit's concern that the jury may have convicted the defendant of conspiracy based on acts he committed after the date the conspiracy legally ended. *Id*. at 3 (citing *Thomas*, 284 F.3d at 756).

The Government cites the Seventh Circuit's Pattern Jury Instructions which state that to sustain a conviction for a conspiracy, the Government must prove three things beyond a reasonable doubt: (1) that the charged conspiracy existed, (2) that the defendant knowingly joined the

conspiracy with intent to further the conspiracy, and (3) that an overt act was committed in furtherance of the conspiracy. *Id*. at 2 (citing Seventh Cir. Crim. Pattern Jury Instructions 5.08A (2023)). The Government surmises that "[l]ogic dictates that if the government is required to prove the existence and object of the conspiracy charged in Count 1 of the Superseding Indictment, the government is allowed to introduce evidence of the actual origins of the charged conspiracy, even if the origins predated the defendant's involvement." *Id*. at 4.

The Government points the Court to *United States v. Stephenson*, 53 F.3d 836 (7th Cir. 1995), and argues that in *Stephenson*, the Seventh Circuit implicitly found no error in considering evidence of the existence of the conspiracy that predated the defendants' involvement (Filing No. 317 at 4). However, the facts here differ from those in *Stephenson*, which dealt with neither an issue of the existence of a conspiracy, nor evidence predating the defendants' involvement. Rather, the *Stephenson* defendants conceded that a conspiracy existed and challenged only statements made which linked them to the conspiracy during the time of their involvement. *Stephenson*, 53 F.3d at 846.

In his Motion, Perez admits that he is "unclear when the government will attempt to establish that Perez joined the conspiracy and argues that anything prior to that date is not relevant and highly prejudicial." (Filing 307 at 3). In its response, the Government proffers that it intends to offer the following evidence to show that a conspiracy existed, and that Perez joined it;

> …co-defendants Carlos Freire-Pifferrer ("Freire") and Jose Gomez-Pifferrer ("Gomez"), along with others, conspired to steal cargo in at least May of 2022, and had stolen, or attempted to steal, at least four (4) cargo shipments between May and early November of 2022. The evidence will also establish that Perez was in contact with Freire prior to Perez' release from the Bureau of Prisons in mid-October of 2022, that Perez joined the cargo theft conspiracy in early November of 2022, and Perez participated in eight additional thefts between January 2023 and May 22, 2023, when co-defendants Freire, Luis Velazquez, Richard Alameda, and others were arrested at a warehouse in Dade County, Florida.

(Filing No. 317 at 4-5).

The Governments arguments are well taken. The operation of the U.S. Sentencing Guidelines post-conviction is not germane to the discussion of what evidence is relevant and admissible at trial. The blanket prohibition of the proffered evidence at this stage would be premature. Because the Government intends to establish that Perez joined the conspiracy prior to his release from prison, the Governments proffered evidence is relevant to show that a conspiracy existed as early as May 2022, and that Perez knowingly joined the conspiracy with intent to further the conspiracy as early as October 2022. The Court agrees however, that the Government may not argue or infer Perez guilt based on his co-defendants admission of conspiring to steal shipments of cargo prior to his involvement in the conspiracy.

In addition, pursuant to Fed. R. Evid. 40, the Court finds that the probative value of some evidence that co-defendants, along with others not including Perez, conspired to steal cargo beginning in May 2022, and had stolen, or attempted to steal, at least four cargo shipments prior to Perez's joining of the conspiracy is not substantially outweighed by the danger that the jury will convict Perez of conspiracy based on acts prior to his alleged joining. Any potential prejudice can be easily avoided by limiting the Government's argument and inferences concerning this evidence. Accordingly, the Motion to exclude is **granted in part and denied in part**.

### III.  CONCLUSION

For the above reasons, Perez's Motion to Exclude (Filing No. 307), is **GRANTED** in part and **DENIED** in part. The Court does not find that evidence concerning matters prior to Perez's alleged entry into the conspiracy clearly is not admissible for any purpose, so a blanket exclusion is not warranted. Accordingly, the Government may present the proffered evidence on page four of this Order, to show that a conspiracy existed, and that Perez joined it. However, the Government

may not argue or infer Perez guilt based on the actions of his co-defendants and others, prior to the date that he allegedly joined the conspiracy. If requested by Perez, the Court will give a limiting instruction on this issue[1].

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during the trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence allowed by this Order is inadmissible during the trial, counsel may raise specific objections to that evidence.

**SO ORDERED**.

Date: 7/14/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Edward Matthew Barloh
DOJ-USAO
matt.barloh@usdoj.gov

Matthew Rinka
United States Attorney's Office
matthew.rinka@usdoj.gov

Jane Ruemmele
HAYES RUEMMELE LLC
jane@chjrlaw.com

---

[1] If requested, Perez's counsel should prepare and submit a proposed limiting instruction that the Court can read to the jury.